UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | Bankruptcy Case No. |
| ) | 05-65949-fra7 |
| CORY D. BOWMAN and ) | |
| GINA M. BOWMAN, ) | |
| ) | MEMORANDUM OPINION |
| Debtors. ) | |

Cory D. Bowman, one of the Debtors in this joint case, has filed a motion seeking to separate the two cases, and to dismiss Mr. Bowman's case. The motion will be denied, without prejudice.

The motion came on for hearing on October 27, 2005. Based on the Court's records, and the Debtors' representations to the Court, the Court finds as follows:

Mr. and Mrs. Bowman filed their joint petition for relief under Chapter 7 of the Code on July 21, 2005. After the petition was filed, Mr. Bowman was involved in a fatal traffic accident. He has been advised by counsel for the decedent's survivors that a claim may be made against him. The Court is further advised that the Bowmans' insurers have not, as of the date of the hearing,

// // //

PAGE 1 - MEMORANDUM OPINION

confirmed whether or not there is coverage under their automobile liability policy.

On October 12, 2005 – after the accident – Mr. Bowman filed a petition for relief under Chapter 13 of the Bankruptcy Code. He has not, as of this writing, submitted a proposed plan. He concedes that, if his prior petition is dismissed, he may convert the later case to one under Chapter 7. His attorney, with appropriate candor, advises that his purpose is to obtain protection from any potential uninsured tort claim by obtaining a discharge of the claim.

The Court may dismiss a case under Chapter 7 only after notice and a hearing, and only for cause. 11 U.S.C. § 707(a). The Court of Appeals for the Ninth Circuit has held that a voluntary Chapter 7 debtor is entitled to a dismissal so long as such dismissal will not result in "legal prejudice" to any interested party. In re International Airport in Partnership, 517 F.2d 510, 512, In re Hall, 15 B.R. 913, 917 (9th Cir. BAP 1981), In re Leach, 130 B.R. 855, 857 (9th Cir. BAP 1991).

The burden of proof with respect to prejudice to interested parties lies with the Debtor. The potential tort claimants are interested parties under the circumstances of this case, since their claim may be subject to discharge under Chapter 7 if the relief sought by Mr. Bowman is allowed. Mr. Bowman has not demonstrated to the Court's satisfaction that the tort claimants would not be prejudiced by a dismissal of the pending Chapter 7 case, and subsequent conversion of the Chapter 13 case to Chapter 7. Indeed, it appears likely that the claimants would be prejudiced, since

PAGE 2 - MEMORANDUM OPINION

their claim would be subject to a Chapter 7 discharge without the benefit of payments under a Chapter 13 reorganization.

All the foregoing assumes a number of things, including the existence of an allowable claim and the absence of indemnity. Since the circumstances surrounding this case, or at least the information available to the Debtors, may still change, the Court believes that further consideration of these issues should not be foreclosed at this juncture. Accordingly, an order will be entered denying the motion, without prejudice.

The foregoing constitutes the Court's findings of fact and conclusions of law. An order consistent with the foregoing has been entered.

Postscript: At the hearing, the Court expressed some concern that the potential claimants may not have been given an opportunity to be heard with respect to the motion. Counsel assured the Court that attorneys for the potential claimants were aware of the proceedings. The Court has no doubts on that point: however, to ensure due process rights are observed in further proceedings, the Debtors should ensure that the potential claimants and their attorneys are included in the mailing matrices of both cases.

FRANK R. ALLEY, III
Bankruptcy Judge

cc: Mr. Alan Seligson
    Mr. Eric Roost
    Mr. Derek Snelling
    Mr. Samuel Hornreich
    Ms. Gail Geiger